## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| RICHARD N. KING, | : | Case No. 2:24-cv-2365 |
| Petitioner, | : | |
| vs. | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Elizabeth P. Deavers |
| WARDEN TOM WATSON, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the North Central Correctional Institution, in Marion, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2006 Muskingum County, Ohio, convictions and sentence. (Doc. 1).

On May 20, 2024, the Court ordered petitioner to show cause why the petition should not be transferred to the Sixth Circuit Court of Appeals as second or successive because petitioner had previously challenged in federal court his Muskingum County convictions. (Doc. 5). Petitioner has now filed his response to the show-cause order. (Doc. 6).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must conduct a preliminary review to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll § 2254.

Here, for the reasons below, it plainly appears that petitioner is not entitled to relief from the District Court, and, thus, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or

successive habeas corpus application seeking relief under § 2254.

## BACKGROUND

> In 2005, a jury convicted King of one count of second-degree pandering of obscenity involving a minor and 60 counts of fourth-degree pandering of obscenity involving a minor. He was sentenced to 36½ years of imprisonment. On appeal in the state courts, the matter was remanded for resentencing, and the same sentence was imposed in 2006. His original petition for a writ of habeas corpus, filed in 2007, was denied on the ground that all of the claims were procedurally defaulted. [The Sixth Circuit] denied King a certificate of appealability.

*In re King*, No. 19-3168, at 1 (6th Cir. Aug. 21, 2019). Thereafter, petitioner filed a motion for authorization to file a second or successive habeas corpus petition, which the Sixth Circuit denied. *In re King*, No. 10-4384 (6th Cir. Sept. 22, 2011). Petitioner also filed another petition for a writ of habeas corpus, which was transferred to the Sixth Circuit as a second or successive petition. *King v. Turner*, No. 2:19-cv-449 (S.D. Ohio Mar. 5, 2019) (Docs. 4; 5). The Sixth Circuit denied petitioner authorization to file a second or successive petition after finding that he failed to meet the requirements of 28 U.S.C. § 2244(b). *In re King*, No. 19-3168, 1-2 (6th Cir. Aug. 21, 2019).

Petitioner then returned to the state courts, filing a petition for writ of habeas corpus in the Ohio Court of Appeals. (*See* Doc. 1, at PageID 2). In the petition, petitioner "claim[ed] that the trial court did not have jurisdiction to re-sentence him and allege[d] other sentencing errors." (Doc. 1-3, at PageID 30) (containing copy of appellate court's decision). The state appellate court dismissed the petition on January 25, 2023, "find[ing] that the petition fail[ed] to state any proper claim for relief in habeas corpus." (*See id.*, at PageID 31). The Ohio Supreme Court affirmed. (*See* Doc. 1-3, at PageID 34-42).

In his current petition, petitioner raises the following three grounds for relief:

**Ground One:** Petitioner's right to due process of law was violated when the Muskingum County Court of Common Pleas resentenced him on March 6, 2006 when it lacked jurisdiction to do so.

2

**Supporting Facts:** (a) On January 19, 2006 the Petitioner's Appellate Court entered it's decision in his direct review. This order[] remanded Petitioner back to the trial court for resentencing.

(b) On February 6, 2006 Petitioner was brought back to the trial court and resentenced in accordance with the Appellate Court[']s January 19, 2006 order.

(c) Upon completion of the February 6, 2006 resentencing hearing, the Petitioner was immediately taken from the temporary detention facility to the state correctional institution to execute the imposed sentence at this hearing.

(d) On February 27, 2006, the Ohio Supreme Court issued its decision in the case of *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856.

(e) On March 6, 2006, Petitioner was brought before the trial court and told that "he is being resentenced pursuant to the recent *State v. Foster* decision."

(f) In November 2022, Petitioner filed a State Writ of Habeas Corpus in the Third District Court of Appeals with claims that the Muskingum County Court of Common Pleas did not have jurisdiction to resentence Petitioner on March 6, 2006.

**Ground Two:** The Petitioner's Due Process rights were violated when the Muskingum County Court of Common Pleas did not have jurisdiction or authority to impose an 8 year prison term for a fourth degree felony found by the jury as stated in their jury verdict form as it did not meet the requirements of R.C. 2945.75.

**Supporting Facts**: (a) When the jury handed down its verdicts, the forms did not contain the degree of felony; elements; or cite statute code.

(b) The Ohio Supreme Court admits the jury verdict form does not meet the requirements set by law because it 'did not state the subsection of the offense, the degree of offense, or any additional element or elements that were present.'

**Ground Three:** Petitioner's right to Equal Protection of Law and Due Process was violated as the Ohio Supreme Court failed to follow its own precedent rulings as well as the United States Supreme Court[']s precedent rulings thus violating the Doctrine of Stare Decisis and Case Law Doctrine.

(Doc. 1, at PageID 5, 7-8; Doc. 1-2, at PageID 18).

## ANALYSIS

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of

3

the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). "To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). The determination of whether a habeas application is second or successive, however, is committed to the District Court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

"[N]ot all petitions filed second in time are 'second or successive'" and thus subject to the restrictions of § 2244(b). *In re Hill*, 81 F.4th 560, 568 (6th Cir. 2023) (en banc), *cert. denied*, No. 23-6276 (May 13, 2024). The Sixth Circuit has recently reiterated the point:

> A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted. [*In re Hill*, 81 F.4th] at 568-69; *see In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

*In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024), *petition for cert. filed*, No. 24-5 (July 3, 2024).

The instant petition does not meet the above exceptions. First, petitioner challenges the same judgment that was at issue in his first habeas case. (*See* Doc. 1, at PageID 1). Second, the claims asserted in the first two grounds of the petition were ripe at the time of the initial lawsuit,

4

as the alleged conduct underlying each of the claims would have occurred before petitioner filed the first action. While the claims in Ground Three assert that the Ohio Supreme Court erred in its November 28, 2023 decision affirming the state appellate court's dismissal of petitioner's state habeas corpus petition—and thus would not have been available in the first habeas case—such claims are not cognizable in federal habeas review. "[E]rrors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007). *Cf. Snitzky v. Beightler,* No. 1:07cv240, 2008 WL 974047, at *8 (N.D. Ohio Apr.8, 2008) (holding that petitioner's claims arising from the denial of his appeal in state habeas, collateral review proceeding was not cognizable under § 2254).

Nor does petitioner meet the third exception for unexhausted claims, as his claims in the first action were denied on the merits. *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (holding that dismissal of petition based on unexcused procedural default of claims in state court is considered "on the merits"). "The exception for unexhausted claims is meant to allow a petitioner to return to federal court when he has had some of his § 2254 claims dismissed as unexhausted[.]" *In re Gutierrez*, 2024 WL 3333932, at *1 (citing *Slack v. McDaniel*, 529 U.S. 473, 485-87 (2000); *In re Coley*, 871 F.3d at 457). This "is not the case here." *Id*.

Because the petition is second or successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a second or successive habeas petition in the District Court without first obtaining authorization from the Court of Appeals, the District Court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS THEREFORE RECOMMENDED THAT:**

Because this Court lacks jurisdiction in this matter involving a second or successive petition, within the meaning of 28 U.S.C. § 2244(b), petitioner's habeas corpus petition be **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as a second or successive habeas corpus application seeking relief under 28 U.S.C. § 2254.

**PROCEDURE ON OBJECTIONS:**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

6

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).


September 5, 2024                                                *s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
United States Magistrate Judge