UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD N. KING,**

    **Petitioner,**

  v.

**WARDEN TOM WATSON,**

    **Respondent.**

:

:

**Case No. 2:24-cv-2365**
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth A. Preston Deavers**

## ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on September 5, 2024 (R&R, ECF No. 7). The Magistrate Judge recommended that the Court transfer this action to the United States Court of Appeals for the Sixth Circuit as a second or successive habeas corpus application seeking relief under 28 U.S.C. § 2254. (*Id.*, PAGEID # 10–11.) Petitioner Richard King timely objected (Obj., ECF No. 8).

For the reasons set forth below, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 7). The Clerk is **DIRECTED** to transfer this action to the United States Court of Appeals for the Sixth Circuit.

**I.    BACKGROUND**

In February 2005, Mr. King was convicted of over 60 counts of pandering obscenity involving a minor and was sentenced to an aggregate term of 36 ½ years in prison. (ECF No. 1-3, PAGEID # 30.) The state appellate court affirmed the convictions but remanded the case to the trial court for resentencing. (*Id.*, PAGEID

# 31, 35.) The trial court subsequently imposed the same sentence. (*Id.*, PAGEID # 35.) However, following the Ohio Supreme Court's holding in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), the trial court held a second resentencing hearing and again imposed the same 36 ½ year-sentence, which the appellate court affirmed. (*Id.*) Mr. King then challenged the second resentencing in a motion for postconviction relief, arguing that the trial court lacked authority to sentence him for a third time. (*Id.*, PAGEID # 36.) The trial court denied the motion, and the appellate court affirmed. (*Id.*)

Mr. King filed his first federal petition for a writ of habeas corpus in 2007. *See In re King*, No. 19-3168 (6th Cir. Aug. 21, 2019). His petition was denied on the ground that all of the claims were procedurally defaulted, and he did not receive a certificate of appealability. (*Id.*) Thereafter, Mr. King moved for authorization to file a second or successive habeas corpus petition, which the Sixth Circuit denied. *See In re King*, No. 10-4384 (6th Cir. Sept. 22, 2011). He also filed another petition for a writ of habeas corpus, which was transferred to the Sixth Circuit as a second or successive petition. *King v. Turner*, No. 2:19-cv-449 (S.D. Ohio Mar. 5, 2019) (Smith, J.). The Sixth Circuit declined to allow him to file a second or successive petition after finding that he failed to meet the requirements of 28 U.S.C. § 2244(b). *In re King*, No. 19-3168 (6th Cir. Aug. 21, 2019).

Mr. King next filed a petition for writ of habeas corpus in the state appellate court in 2022, "claim[ing] that the trial court did not have jurisdiction to re-sentence him and alleg[ing] other sentencing errors." (ECF No. 1-3, PAGEID # 31.) The state

appellate court dismissed the petition in January 2023, "find[ing] that the petition fail[ed] to state any proper claim for relief in habeas corpus." (*Id.*) The Ohio Supreme Court affirmed. (*Id.*, PAGEID # 40–41.)

In March 2024, Mr. King filed the instant federal habeas petition, raising three grounds for relief stemming from the trial court's second resentencing. (ECF No. 1.) The Magistrate Judge ordered Mr. King to show cause as to why the action should not be transferred to the Sixth Circuit as a successive petition (ECF No. 5), and Mr. King responded, arguing that "errors of jurisdiction" prevented transfer (ECF No. 6, PAGEID # 7). Nevertheless, upon review of Mr. King's petition, the Magistrate Judge issued a Report and Recommendation recommending that the Court transfer this action to the Sixth Circuit as a second or successive habeas corpus application. (R&R, PAGEID # 15.) Mr. King objects. (Obj., *generally*.)

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Magistrate Judge determined that Mr. King's petition is not merely a next-in-time petition but rather is a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b). (*Id.*, PAGEID # 13–14.) A petition is considered

3

second or successive unless (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted. *See In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024). The Magistrate Judge concluded that Mr. King's instant petition does not meet any of these exceptions:

> First, petitioner challenges the same judgment that was at issue in his first habeas case. Second, the claims asserted in the first two grounds of the petition were ripe at the time of the initial lawsuit, as the alleged conduct underlying each of the claims would have occurred before petitioner filed the first action. While the claims in Ground Three assert that the Ohio Supreme Court erred in its November 28, 2023 decision affirming the state appellate court's dismissal of petitioner's state habeas corpus petition—and thus would not have been available in the first habeas case—such claims are not cognizable in federal habeas review … Nor does petitioner meet the third exception for unexhausted claims, as his claims in the first action were denied on the merits.

(R&R, PAGEID # 13–14 (internal quotations and citations omitted).) Thus, the Magistrate Judge found that the Court lacks jurisdiction to consider the petition without prior authorization from the Sixth Circuit. (*Id.*)

Mr. King objects to the transfer of this case to the Sixth Circuit. (Obj., PAGEID # 17.) He insists that because jurisdiction can never be waived or forfeited, the Court is obligated to consider his "jurisdictional claims" that "were never presented to this Court until now" but that were wrongly decided by the Ohio courts. (*Id.*)

The Court finds no error in the Magistrate Judge's conclusions or reasoning. As the Magistrate Judge correctly observed, "[f]ederal law generally gives habeas

4

petitioners one shot to pursue their claims in federal court," and "[f]or petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." (R&R, PAGEID # 12–13 (quoting *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016)).) Mr. King's prior habeas corpus petitions also challenged the same judgment entry of sentence, and errors in post-conviction proceedings are "outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007). Mr. King does not address these points in his Objection. Therefore, and for the reasons detailed in the Report and Recommendation, this action plainly constitutes a successive petition requiring authorization for filing from the Sixth Circuit.

## IV. CONCLUSION

Mr. King's Objection (ECF No. 8) is **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 7). Because the Court is not persuaded that reasonable jurists would debate the transfer of this case to the Sixth Circuit, the Court **DECLINES** to issue a certificate of appealability. The Clerk is **DIRECTED** to **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit as a successive petition.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**